SVK

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DeJuan Donaldson, | No. CV 12-1816-PHX-DGC (JFM) |
| Plaintiff, | **ORDER** |
| vs. | |
| The Phoenix Police Department, et al., | |
| Defendants. | |

Plaintiff DeJuan Donaldson, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which was received by the Clerk of Court on August 27, 2012[1] and an Application to Proceed *In Forma Pauperis*. In a previous Order, the Court denied the Application to Proceed and gave Plaintiff 30 days to file a completed Application to Proceed. (Doc. 4.)

On September 13, 2012, Plaintiff filed a second Application to Proceed (Doc. 6), and on October 10, 2012, Plaintiff's new Complaint was received by the Court; it is undated and unsigned. (Doc. 9.) The Court will construe it as a First Amended Complaint and dismiss it with leave to amend.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

---

[1]The original Complaint is not dated or signed.

JDDL-K

1    The Court will assess an initial partial filing fee of $23.38.  The remainder of the fee will be

2 collected monthly in payments of 20% of the previous month's income each time the amount

3 in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate

4 Order requiring the appropriate government agency to collect and forward the fees according

5 to the statutory formula.

6 **II.   Statutory Screening of Prisoner Complaints**

7    The Court is required to screen complaints brought by prisoners seeking relief against

8 a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

9 § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

10 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

11 be granted, or that seek monetary relief from a defendant who is immune from such relief.

12 28 U.S.C. § 1915A(b)(1), (2).

13    A pleading must contain a "short and plain statement of the claim showing that the

14 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed

15 factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-

16 me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the

17 elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

18    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

19 claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,

20 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

21 that allows the court to draw the reasonable inference that the defendant is liable for the

22 misconduct alleged." Id.  "Determining whether a complaint states a plausible claim for

23 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

24 experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual

25 allegations may be consistent with a constitutional claim, a court must assess whether there

26 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

27    But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

28 must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

1   Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

2   than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,

3   94 (2007) (*per curiam*)).

4           If the Court determines that a pleading could be cured by the allegation of other facts,

5   a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

6   action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court

7   should not, however, advise the litigant how to cure the defects.  This type of advice "would

8   undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225,

9   231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

10  required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's First

11  Amended Complaint for failure to state a claim, but because the First Amended Complaint

12  may possibly be saved by amendment, will grant leave to amend.

13  **III.   First Amended Complaint**

14          In his First Amended Complaint, which Plaintiff labels "Copy of Original

15  Complaint,"[2] Plaintiff sues the Phoenix Police Department.  Plaintiff alleges that on May 11,

16  2011, while he was being arrested and detained, he was aggressively and forcefully thrown

17  to the ground, which resulted in physical injury.  He asserts that since that time he has been

18  put on national television and profiled as a serial rapist, which is slander, and that during the

19  police investigation, he was "racially profiled to fit the description of an alleged rape

20  suspect."  (Doc. 9 at 1.)  He claims that the alleged victim's statements document that

21  Plaintiff does not fit the description of the alleged suspect and that officers who had Plaintiff

22  under surveillance stated that Plaintiff did not fit the description.  (Id. at 3.)

23  **IV.   Failure to State a Claim**

24          **A.   Excessive Force**

25          The Fourth Amendment does not prohibit the use of reasonable force; the right to

26  make an arrest carries with it the inherent right to use some force.  Hicks v. City of Portland,

27

28          [2]Although the newly filed Complaint is substantially the same as the original
Complaint, it is not a copy.

1   2006 WL 3311552, at *9 (D. Or. Nov. 8, 2006) (citing Graham v. Connor, 490 U.S. 386, 396
2   (1989)).  Plaintiff's allegation that police officers used force during Plaintiff's arrest is not
3   sufficient to state a claim.  Plaintiff does not allege that the force was unreasonable or
4   unnecessary and therefore fails to state a claim.

5          In addition, although local government bodies are persons under § 1983 and may be
6   sued for constitutional injuries, liability may be imposed on the entity only if a plaintiff
7   establishes that his injuries were inflicted pursuant to an official policy or custom.
8   Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989) (citations omitted).

9          In this case, Plaintiff has not alleged that his injuries resulted from a custom or policy
10  of the Phoenix Police Department.  Accordingly, Defendant Phoenix Police Department must
11  be dismissed.

12         **B.    Slander and Libel**

13         The allegations of slander and libel do not state a federal claim.  Section 1983 does
14  not provide a cause of action for violations of state law or state constitutional rights.  Ybarra
15  v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981).

16         **C.    Racial Profiling**

17         Merely asserting "racial profiling" during a police investigation does not state a claim.
18  Plaintiff may be trying to state a claim for false arrest or malicious prosecution.  To maintain
19  an action for false arrest, a plaintiff must plead facts to show that a defendant procured an
20  arrest that was without probable cause.  Lacey v. Maricopa County, 693 F. 3d 896, 918 (9th
21  Cir. 2012).  As to malicious prosecution, "[m]alicious prosecution, by itself, does not
22  constitute a due process violation; to prevail [a plaintiff] must show that the defendants
23  prosecuted [him] with malice and without probable cause, and that they did so for the
24  purpose of denying [him] equal protection or another specific constitutional right." Freeman
25  v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995); Awabdy v. City of Adelanto 368
26  F.3d 1062, 1066 (9th Cir. 2004).  A plaintiff asserting a malicious prosecution action must
27  also allege that the prior criminal proceedings terminated in his favor. Id., at 1068; Guerrero
28  v. Gates, 442 F.3d 697, 704 (9th Cir. 2006).

## V.      Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.  **If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.  In addition, Plaintiff must sign his Second Amended Complaint.**

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended complaint is waived if it is not raised in a second amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## VI.     Warnings

### A.      Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second  amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 6) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $ 23.38.

1    (3)    The First Amended Complaint (Doc. 9) is **dismissed** for failure to state a claim.

2    Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in

3    compliance with this Order.

4    (4)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk

5    of Court must, without further notice, enter a judgment of dismissal of this action with

6    prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

7    (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

8    rights complaint by a prisoner.

9    DATED this 2nd day of November, 2012.

10

11

12

13                        David G. Campbell
                        United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

### I.  General Information About the Civil Rights Complaint Form:

A.  The Form.  The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B.  Your Signature.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  The Filing Fee.  You must pay the $350.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  Court Divisions.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court.  See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $350.00 filing fee or the application to proceed *in forma pauperis* to:

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this __ day of___(month)___, (year) , to:
> Name:  _____
> Address:_____
>     Attorney for Defendant(s)/Respondent(s)
>
>
> _____
>   (Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the amended complaint are considered dismissed.

J.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

2

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

1.  Your Name.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2.  Defendants.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Plaintiff.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three

counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

     1.  <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

     2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

     3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

     4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

     5.  <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
     Print the relief you are seeking in the space provided.

**SIGNATURE:**
     You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

**FINAL NOTE**
     You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)          Plaintiff,  )
                                            )
                                            )
                            vs.             )   **CASE NO.** _____
                                            )           (To be supplied by the Clerk)
_____ ,  )
                                            )
_____ ,  )
                                            )   **CIVIL RIGHTS COMPLAINT**
_____ ,  )   **BY A PRISONER**
                                            )
_____ ,  )   ☐ Original Complaint
(Full Name of Each Defendant)   Defendant(s). )   ☐ First Amended Complaint
                                            )   ☐ Second Amended Complaint
_____    )

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     a.   ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
     b.   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
     c.   ☐ Other:  (Please specify.) _____ .

2.   Name of Plaintiff: _____ .
     Present mailing address: _____ .
          **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

     Institution/city where violation occurred: _____ .

**550/555**

3.  Name of first Defendant: _____.  The first Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                     <span>(Institution)</span>

    The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the first Defendant was acting under color of law: _____
    _____.

4.  Name of second Defendant: _____.  The second Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                     <span>(Institution)</span>

    The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the second Defendant was acting under color of law: _____
    _____.

5.  Name of third Defendant: _____.  The third Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                     <span>(Institution)</span>

    The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the third Defendant was acting under color of law: _____
    _____.

6.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                     <span>(Institution)</span>

    The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the fourth Defendant was acting under color of law: _____
    _____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____.  Describe the previous lawsuits in the
    spaces provided below.

3.  First prior lawsuit:
    a.   Parties to previous lawsuit:
         Plaintiff: _____.
         Defendants: _____
         _____.

    b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.
    c.   Case or docket number: _____.
    d.   Claims raised: _____
_____
_____
    e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.
    f.   Approximate date lawsuit was filed: _____.
    g.   Approximate date of disposition: _____.

4.   Second prior lawsuit:
    a.   Parties to previous lawsuit:
       Plaintiff: _____.
       Defendants: _____
_____.
    b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.
    c.   Case or docket number: _____.
    d.   Claims raised: _____
_____
_____.
    e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.
    f.   Approximate date lawsuit was filed: _____.
    g.   Approximate date of disposition: _____.

5.   Third prior lawsuit:
    a.   Parties to previous lawsuit:
       Plaintiff: _____.
       Defendants: _____
_____.
    b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.
    c.   Case or docket number: _____.
    d.   Claims raised: _____
_____
_____.
    e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.
    f.   Approximate date lawsuit was filed: _____.
    g.   Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

3

## C.  CAUSE OF ACTION

## COUNT I

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____

_____

_____ .

2.   Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)  ☐ Mail  ☐ Access to the court  ☐ Medical care

☐ Disciplinary proceedings  ☐ Property  ☐ Exercise of religion  ☐ Retaliation

☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____ .

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal authority or arguments).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ .

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____

_____

_____ .

5.   **Administrative Remedies:**

a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☐ Yes  ☐ No

b.   Did you submit a request for administrative relief on Count I?  ☐ Yes  ☐ No

c.   Did you appeal your request for relief on Count I to the highest level?  ☐ Yes  ☐ No

d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not. _____

_____ .

4

## COUNT II

1.  The following constitutional or other federal civil right has been violated by the Defendant(s): _____
    _____
    _____.

2.  Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
    in a different count)         ☐ Mail              ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property          ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what each
    Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
    authority or arguments).
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
    _____
    _____
    _____.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                              ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count II?                 ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?        ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
        why you did not. _____
        _____.

**COUNT III**

1.    The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.    Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)                ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings        ☐ Property        ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?                                                                    ☐ Yes   ☐ No
b.    Did you submit a request for administrative relief on Count III?                ☐ Yes   ☐ No
c.    Did you appeal your request for relief on Count III to the highest level?       ☐ Yes   ☐ No
d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not. _____
_____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

6

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                               SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.

7