SVK

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| DeJuan Donaldson, | ) | No. CV 12-1816-PHX-DGC (JFM) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| The Phoenix Police Department, et al., | ) | |
| Defendants. | ) | |

Plaintiff DeJuan Donaldson, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which was received by the Clerk of Court on August 27, 2012, and an Application to Proceed *In Forma Pauperis,* which the Court denied without prejudice to refiling. (Doc. 4.) On September 13, 2012, Plaintiff filed a second Application to Proceed *In Forma Pauperis* (Doc. 6), and on October 10, 2012, Plaintiff's new Complaint was received by the Court, undated and unsigned. (Doc. 9.) The Court granted the Application to Proceed *In Forma Pauperis*, construed the new Complaint as a First Amended Complaint, and dismissed it with leave to amend. (Doc. 10.)

On November 9, 2012, Plaintiff filed a Second Amended Complaint. The Court will dismiss the Second Amended Complaint with leave to amend.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

JDDL-K

1    be granted, or that seek monetary relief from a defendant who is immune from such relief.

2    28 U.S.C. § 1915A(b)(1), (2).

3        A pleading must contain a "short and plain statement of the claim *showing* that the

4    pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not

5    demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

6    unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

7    "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

8    statements, do not suffice." Id.

9        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

10   claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,

11   550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content

12   that allows the court to draw the reasonable inference that the defendant is liable for the

13   misconduct alleged." Id. "Determining whether a complaint states a plausible claim for

14   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

15   experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual

16   allegations may be consistent with a constitutional claim, a court must assess whether there

17   are other "more likely explanations" for a defendant's conduct. Id. at 1951.

18       But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

19   must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

20   Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

21   than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,

22   94 (2007) (*per curiam*)).

23       If the Court determines that a pleading could be cured by the allegation of other facts,

24   a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the

25   action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court

26   should not, however, advise the litigant how to cure the defects. This type of advice "would

27   undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,

28   231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

JDDL-K                                          - 2 -

required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Second Amended Complaint for failure to state a claim, but because the Second Amended Complaint may possibly be saved by amendment, the Court will dismiss the Second Amended Complaint with leave to amend.

**II.     Second Amended Complaint**

In his Second Amended Complaint, Plaintiff names the following Defendants: (1) the Phoenix Police Department; (2) the City of Phoenix; and two unnamed peace officers.

In Count I, Plaintiff alleges that on May 11, 2011, while he was being arrested and detained by a great number of police officers, he was aggressively, forcefully, and unnecessarily thrown to the ground, although he was not resisting and posed no threat.  He was grabbed by more than five officers.  Plaintiff alleges that he was subjected to excessive force.

In Count II, Plaintiff claims that he was falsely arrested.  He asserts that the "Phoenix Police Department, et. al." intentionally withheld information from the grand jury so that a subpoena for his DNA and later a warrant for his arrest could be issued.  The Phoenix Police Department withheld facts such as Plaintiff's physical description, which if known by the grand jury would not have had enough evidence to secure a subpoena or warrant.  The Police Department falsely arrested Plaintiff because the true facts and evidence were not presented to the grand jury.

In Count III, Plaintiff asserts that on May 11, 2011 and during his incarceration, the City of Phoenix and the Phoenix Police Department put Plaintiff on the national news and profiled him as a serial rapist, alleging that he is guilty of three sexual assaults of three underage females.  Plaintiff asserts that he is not guilty, has not been convicted of the crimes, and was slandered and libeled.

Plaintiff seeks damages.

**III.     Failure to State a Claim**

      **A.     Count I**

Although Plaintiff alleges facts regarding use of excessive force during an arrest, he

1    fails to connect a proper Defendant to the facts.

2          As to the Phoenix Police Department and the City of Phoenix, Plaintiff fails to allege

3    sufficient facts to state a claim for their liability for use of excessive force.  Claims under

4    § 1983 may be directed at "bodies politic and corporate."  Monell v. New York City Dept.

5    of Soc. Serv., 436 U.S. 686, 688-89 (1978). Likewise, the Phoenix Police Department is a

6    governmental entity of the City of Phoenix and may be sued under § 1983.  "[A] municipality

7    can be sued under § 1983, but it cannot be held liable unless a municipal policy or custom

8    caused the constitutional injury." Leatherman v. Tarrant County Narcotics Intelligence and

9    Coordination Unit, 507 U.S. 163, 166 (1993); Lewis v. Sacramento County, 98 F.3d 434, 446

10   (9th Cir. 1996) rev'd on other grounds, 523 U.S. 835 (1998).

11         As noted in the Order of November 2, 2012, dismissing the First Amended Complaint,

12   Plaintiff has not alleged that his injuries resulted from a Defendant acting in conformance

13   with a custom or policy of the Phoenix Police Department or the City of Phoenix.

14   Accordingly, Plaintiff states no claim against Defendants City of Phoenix or Phoenix Police

15   Department.

16         In addition, although Plaintiff may be attempting to assert claims against John or Jane

17   Doe Defendants, he does not clearly do so.  To state a valid claim under § 1983 against a

18   defendant, a plaintiff must allege that he suffered a specific injury as a result of specific

19   conduct of a defendant and show an affirmative link between the injury and the conduct of

20   that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  Here, Plaintiff lists only

21   two unnamed Defendants but asserts in Count I that more than five officers grabbed him and

22   threw him to the ground.  He does not clearly allege specific conduct by any specific officers.

23   Moreover, the facts alleged in Count I end with the phrase "(The City of Phoenix and The

24   Phoenix Police Department)," suggesting that these are the only Defendants named in Count

25   I.

26         **B.    Count II**

27         Count II fails to state a claim for false arrest.  Probable cause for an arrest exists when

28   "'the facts and circumstances within [the officers'] knowledge and of which they had

1   reasonably trustworthy information were sufficient to warrant a prudent man in believing that

2   the [plaintiff] had committed or was committing an offense.'" Hart v. Parks, 450 F.3d 1059,

3   1065-66, (9th Cir. 2006) (internal citations omitted).  Police need only show that "'under the

4   totality of the circumstances,'" "'a prudent person would have concluded that there was a fair

5   probability that [the suspect] had committed a crime.'" Id. at 1066 (internal citations

6   omitted).  Police may rely on hearsay and other evidence that would not be admissible in a

7   court to determine probable cause.  Id. at 1070.  Probable cause for an arrest is generally

8   satisfied by an indictment returned by a grand jury, but a plaintiff may have a claim for false

9   arrest where he alleges that the indictment was invalid because the police presented false and

10  misleading testimony.  Id.

11          Again, Plaintiff's claims in Count II are directed against the Phoenix Police

12  Department or the "Police Department et. al."   But Plaintiff does not claim that he was

13  arrested without probable cause pursuant to a policy or custom of the Police Department or

14  City of Phoenix to falsely arrest suspects or to lie to the grand jury.  And as with Count I,

15  Plaintiff makes no specific allegations against the two unnamed officers, who may not have

16  been the same officers involved in the arrest.

17          **C.      Count III**

18          For the reasons stated above, Count III also fails to state a claim for slander or liable

19  against any Defendants.  In addition, an action for damage to reputation ordinarily "lies . . .

20  in the tort of defamation, not in [42 U.S.C. §] 1983." Fleming v. Dep't of Public Safety, 837

21  F.2d 401, 409 (9th Cir. 1988).   Damage to reputation alone is not actionable under § 1983.

22  Hart, 450 F.3d at 1069.  "To recover damages for defamation under § 1983, a plaintiff must

23  satisfy the 'stigma-plus test.'" American Consumer Pub. Ass'n, Inc. v. Margosian, 349 F.3d

24  1122, 1125-26 (9th Cir. 2003) (quoting Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir.

25  1991), rev'd on other grounds, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992) (*en banc*)).  "Under

26  that test, 'a plaintiff must allege loss of a recognizable property or liberty interest in

27  conjunction with the allegation of injury to reputation.'" Id. at 1126 (quoting Cooper, 924

28  F.2d at 1532).  This would include, for example, loss of a job as a result of defamatory

1   statements.  See Hart, 450 F.3d at 1069. The injury must be to a "previously recognized right

2   or status."  WMX Tech., Inc. v. Miller , 80 F.3d 1315, 1319 (9th Cir. 1996) (citing Paul v.

3   Davis, 424 U.S. 693, 711 (1976)).   Further, "the 'stigma-plus test' requires that the

4   defamation be accompanied by an injury *directly caused* by the Government, rather than an

5   injury caused by the act of some third party [in reaction to the Government's defamatory

6   statements]." Id. at 1320 (injuries caused by third party's response to government statements

7   not cognizable under § 1983).  "There are two ways to state a cognizable § 1983 claim for

8   defamation-plus: (1) allege that the injury to reputation was *inflicted in connection* with a

9   federally protected right, or (2) allege that the injury to reputation *caused the denial* of a

10  federally protected right." Herb Hallman Chevrolet, Inc. v. Nash-Holmes, 169 F.3d 636, 645

11  (9th Cir. 1999); see Paul, 424 U.S. at 703.

12  **IV.    Leave to Amend**

13          For the foregoing reasons, Plaintiff's Second Amended Complaint will be dismissed

14  for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may

15  submit a third amended complaint to cure the deficiencies outlined above.  The Clerk of

16  Court will mail Plaintiff a court-approved form to use for filing a third amended complaint.

17  If Plaintiff fails to use the court-approved form, the Court may strike the third amended

18  complaint and dismiss this action without further notice to Plaintiff.

19          If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

20  telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of

21  the Defendant who violated the right; (3) exactly what that Defendant did or failed to do;

22  (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's

23  constitutional right; and (5) what specific injury Plaintiff suffered because of that

24  Defendant's conduct.  See Rizzo, 423 U.S. at 371-72, 377.

25          Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff

26  fails to affirmatively link the conduct of each named Defendant with the specific injury

27  suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to

28  state a claim.  **Conclusory allegations that a Defendant or group of Defendants have**

1   **violated a constitutional right are not acceptable and will be dismissed**.

2        Plaintiff must clearly designate on the face of the document that it is the "Third

3   Amended Complaint."  The third amended complaint must be retyped or rewritten in its

4   entirety on the court-approved form and may not incorporate any part of the original, First

5   Amended, or Second Amended Complaints by reference.  Plaintiff may include only one

6   claim per count.

7        A third amended complaint supersedes the original, First Amended, and Second

8   Amended Complaints.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach

9   Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment,

10  the Court will treat the original, First Amended, and Second Amended Complaints as

11  nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

12  Complaint or First Amended complaint is waived if it is not raised in a second amended

13  complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

14  **V.   Warnings**

15      **A.   Release**

16       Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

17  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

18  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

19  in dismissal of this action.

20      **B.   Address Changes**

21       Plaintiff must file and serve a notice of a change of address in accordance with Rule

22  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

23  relief with a notice of change of address.  Failure to comply may result in dismissal of this

24  action.

25      **C.   Copies**

26       Plaintiff must submit an additional copy of every filing for use by the Court.  See

27  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

28  to Plaintiff.

### D.     Possible "Strike"

Because the original, First Amended, and Second Amended Complaints have been dismissed for failure to state a claim, if Plaintiff fails to file a third amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Second Amended Complaint (Doc. 14) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a third amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file a third amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 11th day of December, 2012.

_David G. Campbell_
_____
David G. Campbell
United States District Judge

JDDL-K

- 8 -

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I.  General Information About the Civil Rights Complaint Form:

A.  The Form.  The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B.  Your Signature.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  The Filing Fee.  You must pay the $350.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  Court Divisions.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court.  See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $350.00 filing fee or the application to proceed *in forma pauperis* to:

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

Revised 4/9/06                                                         1

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this __ day of    (month)    , (year) , to:
Name:   _____
Address:_____
    Attorney for Defendant(s)/Respondent(s)


_____
(Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the amended complaint are considered dismissed.

J.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

1.  Your Name.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2.  Defendants.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Plaintiff.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three

counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ , )
(Full Name of Plaintiff)              )
                            Plaintiff, )
                                      )
                    vs.               )   **CASE NO.** _____
                                      )        (To be supplied by the Clerk)
_____ , )
                                      )
_____ , )
                                      )   **CIVIL RIGHTS COMPLAINT**
_____ , )        **BY A PRISONER**
                                      )
_____ , )   ☐ Original Complaint
(Full Name of Each Defendant)         )   ☐ First Amended Complaint
                         Defendant(s). )   ☐ Second Amended Complaint
_____ )

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        a.   ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
        b.   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        c.   ☐ Other:  (Please specify.) _____.

2.   Name of Plaintiff: _____.
     Present mailing address: _____.
                    **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

     Institution/city where violation occurred: _____.

**550/555**

3. Name of first Defendant: _____. The first Defendant is employed as:
   _____at_____.
   <span style="font-size:small">(Position and Title)                                                        (Institution)</span>

   The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
   Explain how the first Defendant was acting under color of law: _____
   _____.

4. Name of second Defendant: _____. The second Defendant is employed as:
   _____at_____.
   <span style="font-size:small">(Position and Title)                                                        (Institution)</span>

   The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
   Explain how the second Defendant was acting under color of law: _____
   _____.

5. Name of third Defendant: _____. The third Defendant is employed as:
   _____at_____.
   <span style="font-size:small">(Position and Title)                                                        (Institution)</span>

   The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
   Explain how the third Defendant was acting under color of law: _____
   _____.

6. Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____at_____.
   <span style="font-size:small">(Position and Title)                                                        (Institution)</span>

   The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
   Explain how the fourth Defendant was acting under color of law: _____
   _____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2. If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the
   spaces provided below.

3. First prior lawsuit:
   a. Parties to previous lawsuit:
      Plaintiff: _____.
      Defendants: _____
      _____.

      b.    Court:  (If federal court, identify the district; if state court, identify the county.) _____

                                                                                                                        _____.

      c.    Case or docket number: _____.

      d.    Claims raised: _____

                             _____

                             _____

      e.    Disposition:  (For example:  Was the case dismissed?  Was it appealed?  Is it still pending?) _____

                             _____.

      f.    Approximate date lawsuit was filed: _____.

      g.    Approximate date of disposition: _____.

4.    Second prior lawsuit:

      a.    Parties to previous lawsuit:

           Plaintiff: _____.

           Defendants: _____

                             _____.

      b.    Court:  (If federal court, identify the district; if state court, identify the county.) _____

                             _____.

      c.    Case or docket number: _____.

      d.    Claims raised: _____

                             _____

                             _____.

      e.    Disposition:  (For example:  Was the case dismissed?  Was it appealed?  Is it still pending?) _____

                             _____.

      f.    Approximate date lawsuit was filed: _____.

      g.    Approximate date of disposition: _____.

5.    Third prior lawsuit:

      a.    Parties to previous lawsuit:

           Plaintiff: _____.

            Defendants: _____

                             _____.

      b.    Court:  (If federal court, identify the district; if state court, identify the county.) _____

                             _____.

      c.    Case or docket number: _____.

      d.    Claims raised: _____

                             _____

                             _____.

      e.    Disposition:  (For example:  Was the case dismissed?  Was it appealed?  Is it still pending?) _____

                             _____.

      f.    Approximate date lawsuit was filed: _____.

      g.    Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C.  CAUSE OF ACTION

### COUNT I

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.    Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)           ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings        ☐ Property         ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?                                                                    ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count I?                     ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?            ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not.  _____
_____.

## COUNT II

1. The following constitutional or other federal civil right has been violated by the Defendant(s): _____
   _____
   _____ .

2. Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
   in a different count)　☐ Mail　　　☐ Access to the court　　☐ Medical care
   ☐ Disciplinary proceedings　☐ Property　　☐ Exercise of religion　　☐ Retaliation
   ☐ Excessive force by an officer　☐ Threat to safety　☐ Other: _____ .

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what each
   Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
   authority or arguments).

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____ .

4. **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

   _____
   _____
   _____ .

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at
      your institution?　　　　　　　　　　　　　　　　　　　　　　　☐ Yes　☐ No
   b. Did you submit a request for administrative relief on Count II?　　　　☐ Yes　☐ No
   c. Did you appeal your request for relief on Count II to the highest level?　☐ Yes　☐ No
   d. If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
      why you did not. _____
      _____ .

**COUNT III**

1.    The following constitutional or other federal civil right has been violated by the Defendant(s): _____

_____

_____ .

2.    Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings          ☐ Property          ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer          ☐ Threat to safety   ☐ Other: _____ .

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ .

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____

_____ .

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?                                                                                  ☐ Yes   ☐ No
b.    Did you submit a request for administrative relief on Count III?                      ☐ Yes   ☐ No
c.    Did you appeal your request for relief on Count III to the highest level?            ☐ Yes   ☐ No
d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not. _____

_____ .

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____         _____
                    DATE                            SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.